# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

February 17, 2014

Lyle W. Cayce
Clerk

No. 13-10247
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MONTRAY LORENZO CATO,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CR-194-1

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Montray Lorenzo Cato was convicted of robbing two separate branches of the First Convenience Bank on June 13, 2012, and July 28, 2012, respectively. *See* 18 U.S.C. § 2113(a). He now appeals.

Cato argues that the district court violated his due process rights when, in response to the Government's request that the jury be able to see his face, it seated him near the jury instead of having him stand in front of the jury for a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10247

short time. He contends that the arrangement prevented the jury from seeing his face. Cato did not challenge the decision in the district court. Accordingly, we will review the district court's actions for plain error only. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Fields*, 483 F.3d 313, 340 (5th Cir. 2007). To prevail on plain-error review, Cato must show that an error occurred, that the error was clear or obvious, and that the error affected his substantial rights. *See Puckett*, 556 U.S. at 135. If those factors are established, we have the discretion to correct the forfeited error, but our discretion should not be exercised unless the error seriously affected the fairness, integrity, or public reputation of judicial proceedings. *See id.*

The record confirms that the jury did not have an opportunity to clearly see Cato's face. However, nothing indicates that the jury's view was obstructed as a result of the seating arrangement. Rather, Cato intentionally hid his face throughout the trial. Cato has not shown plain error.

Cato next argues that the district court violated his due process rights by admitting an impermissibly suggestive in-court identification and by clarifying and noting for the record that the witness had identified Cato as the perpetrator of the June robbery. As Cato did not challenge those actions in the district court, plain error review applies. *Fields*, 483 F.3d at 340. The in-court identification may have been suggestive. *See United States v. Rogers*, 126 F.3d 655, 658 (5th Cir. 1997). However, the district court did not err in its admission. There was no "substantial likelihood of irreparable misidentification" in Cato's case. Nor did the district court err when it clarified and noted for the record that the witness identification of Cato. Its comments did not stray from neutrality. *See United States v. Lankford*, 196 F.3d 563, 573 (5th Cir. 1999).

No. 13-10247

Finally, Cato argues that the evidence was insufficient to support his conviction of the July robbery.  We review the sufficiency of the evidence to determine "whether, viewing all the evidence in the light most favorable to the verdict and drawing all reasonable inferences from the evidence in support of the verdict, a rational trier of fact could have found that the evidence establishe[d] the essential elements of the offense beyond a reasonable doubt." *United States v. Ferguson*, 211 F.3d 878, 882 (5th Cir. 2000).  Cato contends that the Government failed to establish that he was the perpetrator of the July robbery.  He was, however, identified at trial as the perpetrator of the June robbery.  The clothes of the perpetrator of the July robbery, as well as Cato's clothing when he was arrested the next month and the clothes in his car at that time, were substantially similar to those Cato wore in the June robbery.  In both robberies, the perpetrator wore a heavy black coat and a black hat with sunglasses perched on the visor; he covered his face during the offense by pretending to talk on a cell phone, distracted the teller by making reference to a money order, demanded money by passing the teller a note, and retrieved the note before exiting the building.  "[A] number of common features of lesser uniqueness, although insufficient to generate a strong inference of identity if considered separately, may be of significant probative value when considered together." *United States v. Myers,* 550 F.3d 1036, 1045 (5th Cir. 1977).  A review of the record shows that there was sufficient evidence for the jury to find beyond a reasonable doubt that Cato committed the July offense. *See Ferguson*, 211 F.3d at 882.

AFFIRMED.